IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL H. CIZEK, | : | 4:CV-10-185 |
| | : | |
| Petitioner, | : | (Judge McClure) |
| | : | |
| v. | : | (Magistrate Judge Mannion) |
| | : | |
| POTTER COUNTY GOVERNMENT: | | |
| COUNTY COMMISSIONERS | : | |
|   Mary G. Davis, Thomas R. Shaffer, | : | |
|   John B. Leete, and earlier Potter | : | |
|   Government officials, including | : | |
|   County Commissioners, | : | |
| | : | |
| Respondents. | : | |

**MEMORANDUM**

March 11, 2010

## I. BACKGROUND:

Plaintiff, Paul H. Cizek, proceeding *pro se*, initiated this action by the filing of a complaint (entitled "Writ of Quo Warranto"). (Rec. Doc. No. 1).

The case was initially referred to United States Magistrate Judge Malachy E. Mannion.

Now before the court is a document filed February 12, 2010 by Cizek entitled "Notice, Motion, and Affidavit for Recusal of the Assigned Judge James F. McClure, Jr., Pursuant to 28 U.S.C. Sections 144 and 455, for the Reasons Listed Below." (Rec. Doc. No. 5).

Cizek listed the following two reasons for his motion for recusal of the undersigned judge:

> 1. Petitioner was involved in a case in early 1991, not related to the present case, which was assigned to Judge McClure and there was a conflict due to the Judge's connection with a bank that was involved and the Petitioner requested Judge McClure to recuse himself, which was refused.
>
> 2. Petitioner was selected for federal jury duty in the "not so distant past". Judge McClure asked if Petitioner had been involved in a court case before and Petitioner responded, yes. Petitioner explained the circumstances of the prior experience and was excused from jury duty.

## II. DISCUSSION

Cizek has filed his motion to recuse under §§ 144 and 455. As each provision requires a different analysis, we will take each provision in turn.

### A. 28 U.S.C. § 144

Section 144 is the narrower of the two provisions cited by Cizek and provides as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that

2

> bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term [session] at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. Initially, "it is the responsibility of the district judge against whom an affidavit is filed to assess the legal sufficiency of the affidavit." Conklin v. Warrington Twp., 2007 U.S. Dist. LEXIS 18726, *2 (M.D. Pa. Mar. 13, 2007) (Conner, J.) (citing United States v. Townsend, 478 F.2d 1072, 1073 (3d Cir. 1973) (stating that "[t]he mere filing of an affidavit under this section does not automatically disqualify a judge")). An individual submitting an affidavit of bias must meet a three-part test: (1) the facts alleged must be stated with particularity and must be material, (2) if true, the facts would convince a reasonable person of the existence of bias, and (3) the facts show that the bias is of a personal nature. See United States v. Thompson, 483 F.2d 527, 528 (3d Cir. 1973). If an affidavit is timely filed under § 144, the court must accept the affidavit's factual allegations as true. See United States v. Vespe, 868 F.2d 1328, 1340 (3d Cir. 1989); see also United States v. Sykes, 7 F.3d 1331, 1339 (7th Cir. Wis. 1993) (noting that, "[i]n passing on the legal sufficiency of the affidavit, the court must assume the truth of its factual assertions even if it knows them to be false") (internal quotations

3

omitted).

Based on the express language of § 144, a party's affidavit must be "accompanied by a certificate of counsel of record" that states the affidavit was "made in good faith." Although Cizek has included an affidavit with his motion seeking the recusal of the undersigned judge, Cizek has failed to include a certificate of counsel. As has been noted by other courts, the purpose behind the § 144 requirement that a motion of recusal contain a certificate of counsel is to prevent "abuse by protecting against obviously untruthful affidavits and unjustified attempts by a party to disqualify a judge." Heimbecker v. 555 Assocs., 2003 U.S. Dist. LEXIS 6636, *16 (E.D. Pa. Mar. 26, 2003) (citing Morrison v. U.S., 432 F.2d 1227, 1229 (5th Cir. 1970)). It is of no import that a party who fails to file a certificate of counsel in a § 144 motion is proceeding *pro se*. See United States v. Pungitore, 2003 U.S. Dist. LEXIS 20206, *8 (E.D. Pa. Oct. 24, 2003) (noting that, even though the movant was proceeding *pro se*, "other courts have held that this procedural safeguard against abuse applies equally to pro se litigants"); see also Thompson v. Mattleman, Greenberg, Schmerelson, Weinroth & Miller, 1995 U.S. Dist. LEXIS 7100, *4 (E.D. Pa. May 24, 1995) (holding that "if the moving party is proceeding pro se, as in the instant case, the certificate [of counsel of record] may be signed by any member of the bar of this Court"). As Cizek has failed to

4

include with his motion a certificate of counsel of record, we will deny Cizek's motion for recusal pursuant to 28 U.S.C. § 144.[1]

## B. 28 U.S.C. § 455(a) and (b)

Cizek has also filed his motion for recusal pursuant to 28 U.S.C. § 455. Two sections of that provision must be analyzed.

First, 28 U.S.C. § 455(a) provides that "[a]ny justice, judge, or magistrate [magistrate judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

Second, § 455(b) provides for five additional circumstances in which a justice, judge, or magistrate judge must recuse. These circumstances include (1) where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;" (2) where the judge, in private practice, "served as lawyer in the matter in controversy, or a lawyer with whom [the judge] previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;" (3) where the judge "has served in governmental employment and in such capacity participated as counsel, adviser or material

---

[1] Even if Cizek had complied with the procedural certificate of counsel requirement of § 144, we would still conclude that his motion for recusal would fail on the merits, as he has failed to show that the facts alleged, if true, would convince a reasonable person of the existence of bias or that such a bias is of a personal nature.

5

witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;" or (4) the judge knows that the judge, as an individual or as a fiduciary, or the judge's spouse or minor child who resides in the judge's household, "has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(1)-(4). A final circumstance occurs when a judge, the judge's spouse, or an individual within the third degree of relationship to either the judge or the judge's spouse, or such individual's spouse, "[i]s a party to the proceeding, or an officer, director, or trustee of a party," is currently acting in the proceeding as an attorney, "[i]s known by the judge to have an interest that could be substantially affected by the outcome of the proceeding," or "[i]s to the judge's knowledge likely to be a material witness in the proceeding." Id. § 455(b)(5)(i)-(iv).

Neither § 455(a) nor § 455(b) are availing to Cizek. "Under § 455(a), if a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality under the applicable standard, then the judge must recuse." Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 167 (3d Cir. 2004) (quoting Krell v. Prudential Ins. Co. of Am. (In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions), 148 F.3d 283, 343 (3d Cir. 1998)). The question,

then, is "'whether the record, viewed objectively, reasonably supports the appearance of prejudice or bias.'" Pungitore, 2003 U.S. Dist. LEXIS 20206 at *8 (quoting Securities and Exchange Comm'n v. Antar, 71 F.3d 97, 101 (3d Cir. 1995)). The Third Circuit has also noted that "[t]here is considerable authority for the proposition that the factual accuracy of affidavits submitted pursuant to 28 U.S.C. § 455 may be scrutinized by the court deciding the motion for recusal." United States v. Sciarra, 851 F.2d 621, 625 n. 12 (3d Cir. 1988). See also United States v. State of Alabama, 828 F.2d 1532, 1541 (11th Cir. 1987); Hamm v. Members of Bd. of Regents of Florida, 708 F.2d 647, 651 (11th Cir. 1983); In re International Business Machines Corp., 618 F.2d 923, 927-29 (2d Cir. 1980).

Upon engaging in such scrutiny, we cannot conclude that the undersigned would appear to be partial or that the record reasonably supports the appearance of bias or prejudice under § 455(a). The court has reviewed the records, which reveal as to the 1991 case referenced in the first paragraph of Cizek's motion that the only case shown to which Cizek was a party is that of *Paul H. Cizek v. Carl E. Brion, et al.*, docketed to 4:91-CV-00673. The docket sheet for that case does not show any motion for recusal nor any order of the court denying any such motion. Furthermore, no bank is named as a party to the case and the undersigned judge's connection with all banks was discontinued in 1984, seven years prior to the filing

of the complaint. As to the second reason for recusal offered by Cizek, the records reveal that the only occasion upon which Paul H. Cizek was called for jury duty was that of the jury pool called for December 4, 2001. The jury pool was cancelled and, therefore, Cizek was not "excused" from jury duty.

In light of the above, there is no factual basis for either of the reasons for recusal as asserted in Cizek's motion. Even if there were factual support for Cizek's allegations, however, such facts would provide no basis upon which the undersigned's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Similarly, there is no evidence that would support the applicability of any of the circumstances provided for under § 455(b). As such, Cizek's motion for recusal pursuant to 28 U.S.C. § 455 is denied.

## III. CONCLUSION:

For the reasons stated above, we will deny Cizek's "Notice, Motion, and Affidavit for Recusal of the Assigned Judge James F. McClure, Jr., Pursuant to 28 U.S.C. Sections 144 and 455, for the Reasons Listed Below." (Rec. Doc. No. 5, filed February 12, 2010).

        s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL H. CIZEK, | : | 4:CV-10-185 |
| | : | |
| Petitioner, | : | (Judge McClure) |
| | : | |
| v. | : | (Magistrate Judge Mannion) |
| | : | |
| POTTER COUNTY GOVERNMENT: | | |
| COUNTY COMMISSIONERS | : | |
|   Mary G. Davis, Thomas R. Shaffer, | : | |
|   John B. Leete, and earlier Potter | : | |
|   Government officials, including | : | |
|   County Commissioners, | : | |
| | : | |
| Respondents. | : | |

**ORDER**

March 11, 2010

For the reasons set forth in the accompanying Memorandum,

**IT IS ORDERED THAT:**

Cizek's "Notice, Motion, and Affidavit for Recusal of the Assigned Judge James F. McClure, Jr., Pursuant to 28 U.S.C. Sections 144 and 455, for the Reasons Listed Below" is denied. (Rec. Doc. No. 5, filed February 12, 2010).

                                                      s/ James F. McClure, Jr.
                                                    James F. McClure, Jr.
                                                    United States District Judge