IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL H. CIZEK, | : | 4:CV-10-185 |
| | : | |
| Petitioner, | : | (Judge McClure) |
| | : | |
| v. | : | (Magistrate Judge Mannion) |
| | : | |
| POTTER COUNTY GOVERNMENT: | | |
| COUNTY COMMISSIONERS | : | |
|   Mary G. Davis, Thomas R. Shaffer, | : | |
|   John B. Leete, and earlier Potter | : | |
|   Government officials, including | : | |
|   County Commissioners, | : | |
| | : | |
| Respondents. | : | |

**MEMORANDUM**

April 9, 2010

## I. BACKGROUND

Plaintiff, Paul H. Cizek, proceeding pro se, initiated this action by the filing of a complaint entitled "Writ of Quo Warranto." (Rec. Doc. No. 1). The case initially was referred to United States Magistrate Judge Malachy E. Mannion. In his complaint, Cizek appears to allege that Potter County improperly imposed taxes on a number of Cizek's properties that held gas and mineral interests and rights, seized and sold these interests and rights, and amended deeds relating to these properties after the sale. Id. at 1.

## II. PROCEDURAL HISTORY

On February 12, 2010, Cizek filed with this court a document entitled "Notice, Motion, and Affidavit for Recusal of the Assigned Judge James F. McClure, Jr., Pursuant to 28 U.S.C. Sections 144 and 455, for the Reasons Listed Below." (Rec. Doc. No. 5). With this filing, Cizek requested that the undersigned judge recuse himself from the instant matter for two reasons: (1) because of a prior case, docketed at 4:91-CV-00673, before the undersigned judge in which Cizek was a party; and (2) because of a later instance when Cizek was called for jury duty in December of 2001, though the jury pool eventually was cancelled. By order dated March 11, 2010, this court denied Cizek's motion, which was construed as being filed under 28 U.S.C. § 144(a) and § 455(a) and (b).[1] (Rec. Doc. No. 7).

On March 17, 2010, Cizek filed a document entitled "Writs of Error *Coram Nobis* and *Coram Vobis* Motion to Reconsider Judge James F. McClure, Jr. Order With Affidavit," construed by this court as a motion for reconsideration. (Rec. Doc. No. 9). In this motion, Cizek states that "he has strong reasons to ask for the recusal. Exhibits B, D, E, and F, attached to this Writ/Motion speak very loudly

---

[1] Also by an order dated March 11, 2010, this court declared Cizek's "Notice of Refusal of United States Magistrate Judge Mannion" (Rec. Doc. No. 4), in which Cizek attempted to refuse the referral of the instant matter to Magistrate Judge Mannion, as being null and void. (Rec. Doc. No. 8).

and clearly for themselves."[2]  Id. at 1.  Cizek notes that he "believes he would not get a fair trial [in the undersigned judge's court], and respectfully requests the recusal and another U.S. District Judge be appointed to hear this case."  Id.  Cizek appears to have attached, as an exhibit, entries from the Martindale-Hubbell Law Directory covering the years 1976 through 1989 for a firm that the undersigned judge had been affiliated with while in private practice in Lewisburg, Pennsylvania.  Id., Exhbt. F.  The entries show that the firm was counsel for Lewisburg Trust Bank from 1979 until 1985 and counsel for the successor Commonwealth Bank & Trust Co. from 1986 through 1989.  Id.

---

[2] Exhibit A to Cizek's motion is this court's March 11, 2010 Order denying Cizek's motion for recusal.  (Rec. Doc. No. 9).  Exhibit B is Cizek's motion for recusal filed with this court on February 12, 2010.  (Rec. Doc. No. 5).  Exhibit C is this Court's March 11, 2010 Memorandum and Order.  (Rec. Doc. No. 9).  Exhibit D is a letter, dated October 24, 1992 and signed by Cizek, in which he alleges the existence of a conspiracy between a number of governmental offices and judges.  Exhibit E is the docket sheet from the 1991 case, docketed at 4:91-CV-00673, in which Cizek was a party.  Exhibit F contains a letter, signed by Cizek and dated January 15, 1993, which contains portions of the October 24, 1992 letter and in which Cizek claims that the undersigned judge "was biased and prejudiced against Plaintiff Paul H. Cizek by not disqualifying himself from the case because of self-interest he had or has with Commonwealth Bank and Trust Company." (Rec. Doc. No. 9).  Also contained in Exhibit F are entries from the Martindale-Hubbell Law Directory covering the years 1976 through 1989 for the firms McClure & McClure, McClure & Light, McClure & Light, P.C., and Brann & Light, P.C.  Id.  Cizek also attached as part of Exhibit F an affidavit and additional copies of the memorandum and order (Rec. Doc. No. 7) and second order (Rec. Doc. No. 8) issued by this court on March 11, 2010.

## III. STANDARD OF REVIEW

The purpose behind a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). As such, the granting of a motion for reconsideration will be appropriate in the case of (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).[3] Importantly, a motion for reconsideration may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). In addition, "such motions should only be granted sparingly." Reshard, 2003 U.S. Dist. LEXIS 6372,

---

[3] This court notes that, in the context of deciding a motion for reconsideration of an order denying a motion for the disqualification or recusal of a judge pursuant to 28 U.S.C. § 144 or § 455, Pennsylvania district courts have applied North River Ins., though a motion for disqualification or recusal is interlocutory in nature and not a final judgment. See Reshard v. Main Line Hosp., Inc., 2003 U.S. Dist. LEXIS 6372, at *4-12 (E.D. Pa. Apr. 16, 2003) (in which the district court reconsidered whether its order denying the plaintiff's motion to disqualify was improper).

at *4 (citing Armstrong v. Reisman, 2000 U.S. Dist. LEXIS 3119, at *9 (E.D. Pa. Mar. 3, 2000)).

**IV. DISCUSSION**

Cizek's motion for reconsideration focuses on the first basis for recusal as offered by Cizek in his motion:

> Petitioner was involved in a case in early 1991, not related to the present case, which was assigned to Judge McClure and there was a conflict due to the Judge's connection with a bank that was involved and the Petitioner requested Judge McClure to recuse himself, which was refused.

(Rec. Doc. No. 5). Cizek has failed to point to any change in controlling law or any clear error of law or fact made by this court that would warrant the granting of his motion for reconsideration. In addition, Cizek has failed to show that the granting of his motion for reconsideration is needed to prevent manifest injustice. Similarly, the evidence that Cizek has provided, in the form of exhibits attached to his motion, does not constitute new evidence that was unavailable when this court issued its order on March 11, 2010. This evidence does show that the undersigned judge's former law firm was counsel for both the Lewisburg Trust Bank and the successor Commonwealth Bank & Trust Co. However, as this court indicated in its March 11, 2010 Memorandum, the undersigned judge's connections with all banks were discontinued in 1984, seven years before Cizek filed his complaint in

5

the action docketed at 4:91-CV-00673. (Rec. Doc. No. 7 at 7-8). The entries that Cizek points to support this fact; they show that the undersigned judge was no longer affiliated with the firm as of 1985. (Rec. Doc. No. 9, Exhbt. F). Cizek's motion appears to be an attempt simply to reargue a theory that was unsuccessful in his earlier motion for recusal. A motion for reconsideration is not the proper vehicle for this type of reargument. See Drysdale v. Woerth, 153 F. Supp. 2d at 682.

In light of the above, we will deny Cizek's "Writs of Error *Coram Nobis* and *Coram Vobis* Motion to Reconsider Judge James F. McClure, Jr. Order With Affidavit," construed as a motion for reconsideration. (Rec. Doc. No. 9).

## V. CONCLUSION

Because this court believes that the denial of Cizek's motion for recusal was proper and because Cizek has failed to demonstrate that the granting of his motion for reconsideration is appropriate, we will deny Cizek's "Writs of Error *Coram Nobis* and *Coram Vobis* Motion to Reconsider Judge James F. McClure, Jr. Order With Affidavit." (Rec. Doc. No. 9).

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL H. CIZEK, | : | 4:CV-10-185 |
| | : | |
| Petitioner, | : | (Judge McClure) |
| | : | |
| v. | : | (Magistrate Judge Mannion) |
| | : | |
| POTTER COUNTY GOVERNMENT: | | |
| COUNTY COMMISSIONERS | : | |
|   Mary G. Davis, Thomas R. Shaffer, | : | |
|   John B. Leete, and earlier Potter | : | |
|   Government officials, including | : | |
|   County Commissioners, | : | |
| | : | |
| Respondents. | : | |

**ORDER**

April 9, 2010

For the reasons set forth in the accompanying Memorandum,

**IT IS ORDERED THAT:**

Cizek's "Writs of Error *Coram Nobis* and *Coram Vobis* Motion to Reconsider Judge James F. McClure, Jr. Order With Affidavit" is denied. (Rec. Doc. No. 9, filed March 17, 2010).

                                                  s/ James F. McClure, Jr.
                                                  James F. McClure, Jr.
                                                  United States District Judge