# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PAUL H. CIZEK,** : | |
| **Plaintiff** : | |
| : | **CIVIL ACTION NO. 4:10-0185** |
| v. : | |
| : | **(McCLURE, D.J.)** |
| **MARY G. DAVIS; THOMAS R.** : | **(MANNION, M.J.)** |
| **SHAFFER; JOHN B. LEETE and** | |
| **POTTER COUNTY GOVERNMENT** : | |
| **OFFICIALS,** | |
| : | |
| **Defendants** | |
| : | |

## **REPORT AND RECOMMENDATION**[1]

Pending before the court are the following: (1) a motion to dismiss the plaintiff's complaint filed on behalf of defendants Davis and Shaffer, (Doc. No. 12); (2) a motion to dismiss the plaintiff's complaint filed on behalf of defendant Leete, (Doc. No. 23); and (3) a motion to dismiss the plaintiff's complaint filed on behalf of the Potter County Government Officials, (Doc. No. 29). Based upon the court's review of the motions and related materials, it is recommended that the defendants' motions be granted and the plaintiff's complaint be dismissed.

By way of relevant procedural background, on January 25, 2010, the plaintiff filed the instant *pro se* complaint with exhibits, (Doc. No. 1), along with

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

a motion to proceed *in forma pauperis*, (Doc. No. 2). By order dated March 11, 2010, the plaintiff's motion to proceed *in forma pauperis* was granted and it was directed that the complaint be served. (Doc. No. 6).

On April 14, 2010, a motion to dismiss the plaintiff's complaint was filed on behalf of defendants Davis and Shaffer. (Doc. No. 12). A supporting brief was filed by moving defendants on April 28, 2010. (Doc. No. 14). On May 1, 2010, the plaintiff filed documents titled "Judicial Notice #1[2]", (Doc. No. 15), and "Judicial Notice #3", (Doc. No. 17), which the court construes collectively as his brief in opposition to the motion to dismiss filed on behalf of defendants Davis and Shaffer.

On June 1, 2010, defendant Leete filed a motion to dismiss the plaintiff's complaint. (Doc. No. 23). A premature brief in opposition to defendant Leete's motion titled "Judicial Notice #4" was filed by the plaintiff on June 8, 2010. (Doc. No. 24). Defendant Leete filed his supporting brief on June 11, 2010. (Doc. No. 25). On June 23, 2010, the plaintiff filed a second response to defendant Leete's motion to dismiss titled "Judicial Notice #5 Complaint." (Doc. No. 26).

---

[2]In this document, the only argument raised by the plaintiff relates to an alleged conflict of interest with the defendants' former counsel, Ms. Read. The plaintiff argues that he had previously consulted with an attorney from the same law firm as Ms. Read. Upon learning this information, of which Ms. Read was apparently unaware at the time she entered her appearance, she withdrew her appearance, and current counsel, Mr. Green, who is from another law firm, entered his appearance. (Doc. No. 19).

On July 28, 2010, a motion to dismiss the plaintiff's complaint was filed on behalf of the Potter County Government Officials, (Doc. No. 29), along with a brief in support thereof, (Doc. No. 30). The plaintiff filed a brief in opposition to this motion to dismiss titled "Judicial Notice #6 Complaint" on August 4, 2010. (Doc. No. 31). A reply brief was filed on August 9, 2010. (Doc. No. 32). A sur-reply titled "Judicial Notice #7 Complaint" was filed by the plaintiff on August 16, 2010. (Doc. No. 33).

The defendants' motions to dismiss are brought pursuant to the provisions of Fed.R.Civ.P. 12 (b)(1) and 12(b)(6).

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of jurisdiction over the subject matter, or if a plaintiff lacks standing to raise the claim. Motions filed under Rule 12(b)(1) may present either a facial or factual challenge to the court's subject matter jurisdiction. In reviewing a facial challenge under Rule 12(b)(1), as is the case presented here, the standards relevant to Rule 12(b)(6) apply. In this regard, the court must accept all factual allegations in the complaint as true, and the court may only consider the complaint and documents referenced in or attached to the complaint. Gould Electronics, Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). Once the court's subject matter jurisdiction over a complaint is challenged, the plaintiff bears the burden of proving that jurisdiction exists. Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. Id. Furthermore, in order satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider

"undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

The plaintiff has titled the instant action as a "Writ of Quo Warranto." (Doc. No. 1). Upon review, the plaintiff's complaint alleges that from the 1950's through the 1990's Potter County officials improperly imposed ad valorem taxes on six of his properties located in Abbott and West Branch Townships that held oil and gas interests and mineral rights. The plaintiff

5

alleges that Potter County officials then illegally seized and sold those interests and rights at a tax sale in 1991 and later amended the deeds relating to the properties. (Doc. No. 1, p.1). Attached to the plaintiff's complaint are numerous exhibits including: (1) the plaintiff's list of the six properties at issue, (Doc. No. 1, Ex. A); (2) a portion of a 1983 Pennsylvania case out of Warren County, Day v. Johnson, 1983 WL 968 (Pa. Com. Pl.), as well as a portion of 72 P.S. §5860.201, (Doc. No. 1, Ex. B); (3) the Memorandum of Mary G. Davis, Director of the Tax Claim Bureau of Potter County, Pennsylvania in Opposition to [the plaintiff's] Motion to Enlarge the Time for Making the Rule to Show Cause filed in the Potter County Court of Common Pleas and docketed to No. 102 C.D. 1991, (Doc. No. 1, Ex. C); (4) copies of Rules to Show Cause in relation to each of the six properties issued by the Tax Claim Bureau, (Doc. No. 1, Exs. D-I); (5) a newspaper article dated May 15, 1991, relating to Potter County properties for judicial sale, (Doc. No. 1, Ex. J); (6) a Public Sale Notice dated June 7, 1991, issued by the Potter County Tax Claim Bureau, (Doc. No. 1, Ex. K), (7) tax claim deeds for the properties at issue, (Doc. No. 1, Exs. L-N); (8) a legal notices page from an undisclosed source, (Doc. No. 1, Ex. P); (9) returns for uncollected real estate taxes, (Doc. No. 1, Exs. N, S-T); (10) pages from the Potter County General Index to Deeds, (Doc. No. 1, Exs. U-V); and (11) excerpts of miscellaneous materials compiled by the plaintiff, (Doc. No. 1, Exs. O, Q-R, W). Through the instant action, the plaintiff is seeking to have his interests and rights in the properties restored.

To the extent that the plaintiff brings the instant action as a federal petition for writ of quo warranto, all defendants have argued in their motions to dismiss that the instant action should be dismissed. Historically, the federal quo warranto action has been available only in connection with proceedings over an individual's right to hold an office or position. See, e.g., Johnson v. Manhattan Ry. Co., 289 U.S. 479, 502 (1933); Newman v. Frizell, 238 U.S. 537 (1915); Barany v. Buller, 670 F.2d 726, 735 (7th Cir. 1982). Moreover, "[i]t appears from case law that in federal court, the writ may be sought only by the United States, and not by private individuals." Allah v. Robinson, 2007 WL 2220258, at *2 (W.D.Wash. July 31, 2007) (citing Johnson v. Manhattan Ry. Co., 289 U.S. at 502 (1933)); see also Bhambra v. County of Nev., 2010 WL 3258836 (E.D.Cal. 2010); United States v. Machado, 306 F.Supp. 995, 1000 (N.D.Cal.1969). In addition, a quo warranto action, like an injunction, is addressed to preventing a continued exercise of authority unlawfully asserted, not to a correction of what already has been done under it or to a vindication of private rights. See Sundance Land Corp. v. Community First Federal Sav. and Loan Ass'n, 840 F.2d 653, 665 (9th Cir. 1988)(citing Johnson v. Manhattan Ry. Co., 289 U.S. at 502)).

Here, the plaintiff is not challenging any individual's right to hold an office or position. Moreover, because the plaintiff is a private individual, he has no standing to bring a federal quo warranto action. Finally, the plaintiff is seeking to correct actions which have already been taken, not to prevent a

7

continued exercise of authority unlawfully asserted. For all of these reasons, to the extent that the plaintiff brings the instant action as a writ of quo warranto, the defendants' pending motions to dismiss should be granted.

Alternatively, in the motions to dismiss filed on behalf of defendants Davis and Shaffer and the Potter County Government Officials, it is argued that any potential civil rights claims being brought by the plaintiff are barred by the Tax Injunction Act, 28 U.S.C. §1341[3].

Federal courts are courts of limited jurisdiction, and must act only within that jurisdiction. The Tax Injunction Act, ("TIA"), acts to circumscribe the exercise of lower federal court adjudicatory power. It provides that a "district court shall not enjoin, suspend, or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. §1341. The purpose of the TIA is to promote comity and to preclude unnecessary judicial interference in state revenue raising operations. Rosewell v. LaSalle Nat'l Bank, 450 U.S. 503, 522 (1981); Robinson Protective Alarm Co. v. City of Philadelphia, 581 F.2d 371, 374-76 (3d Cir. 1978). Courts have read the TIA broadly, and "although the plain language of the Act prohibits only injunctions, the Supreme Court has held that the Act also prohibits a federal court from issuing declaratory

---

[3]The arguments raised in the referenced motions to dismiss concerning the application of the Tax Injunction Act would apply to the claims against defendant Leete as well.

judgments." Behe v. Chester County Bd. of Assessment Appeals, 952 F.2d 66, 68 (3d Cir.1991); see California v. Grace Brethren Church, 457 U.S. 393, 408 (1982). The TIA applies to local taxes as well as state taxes. See, e.g., Rosewell, 450 U.S. at 522.

"For a state remedy to be adequate, it must satisfy certain procedural criteria." Hardwick v. Cuomo, 891 F.2d 1097, 1105 (3d Cir. 1989); see also Rosewell, 450 U.S. at 522. "[A] state remedy will be sufficient if it provides the taxpayer with a full hearing and judicial determination at which [the taxpayer] may raise any and all constitutional objections." Hardwick, 891 F.2d at 1105. Substantive concerns cannot enter into the court's consideration of state remedies. See Rosewell, 450 U.S. at 515. "The State remedy need not be the best or most convenient one." Behe, 952 F.2d at 68.

Here, the plaintiff challenges the assessment of taxes on his oil, gas and mineral rights and interests and the sale of those rights and interests to collect the unpaid taxes. Pennsylvania provides an adequate remedy by which to raise these issues. Specifically, the Pennsylvania General County Assessment Law provides for an appeal to the county board for the assessment and revision of taxes, 72 P.S. §5020-511 (Board of revision to hear and pass on appeals), as well as an appeal to the Court of Common Pleas from the county board's decision, 72 P.S. §5020-518.1 (Appeal to court from assessments; collection pending appeal; payment into court; refunds), and finally for appeals to the Supreme or Superior Courts, 72 P.S. §5020-519

(Appeals to Supreme or Superior Courts). In addition, the Pennsylvania Real Estate Tax Sale Law provides a remedy for individuals to contest the confirmation of the sale of real estate interests. See 72 P.S. §5860.607(d). Because the plaintiff has an adequate remedy under Pennsylvania law by which to challenge the assessment of taxes upon his rights and interests, as well as to challenge the sale of his property for failure to pay those taxes, the TIA bars the plaintiff from proceeding with the instant action. Therefore, the defendants' motions to dismiss the plaintiff's complaint should be granted on this basis as well.

In addition to the arguments raised by the defendants, the court notes that to the extent that the plaintiff is claiming a civil rights violation, the instant action is barred by the applicable statute of limitations. A federal court in applying the statute of limitations to a civil rights action must employ the appropriate state statute of limitations which governs personal injury actions. Wilson v. Garcia, 471 U.S. 261, 276 (1985); Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 457 n.9, 25 (3d Cir.1996). Courts considering federal civil rights claims "should borrow the general or residual [state] statute for personal injury actions." Owens v. Okure, 488 U.S. 235, 250 (1989); Little v. Lycoming County, 912 F.Supp. 809, 814 (M.D.Pa. 1996). Pennsylvania's applicable personal injury statute of limitations is two (2) years. See 42 Pa. Cons.Stat. Ann. §5524; Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir.1993); Smith v. City of Pittsburgh, 764 F.2d 188, 194 (3d Cir.1985). Thus, the

plaintiff's claims that he was improperly taxed from the 1950's through the 1990's and that his property was illegally seized and sold in 1991 clearly fall outside of the applicable statute of limitations.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

**(1)** the motion to dismiss the plaintiff's complaint filed on behalf of defendants Davis and Shaffer, **(Doc. No. 12)**, be **GRANTED**;

**(2)** the motion to dismiss the plaintiff's complaint filed on behalf of defendant Leete, **(Doc. No. 23)**, be **GRANTED**; and

**(3)** the motion to dismiss the plaintiff's complaint filed on behalf of the Potter County Government Officials, **(Doc. No. 29)**, be **GRANTED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** November 29, 2010

O:\shared\REPORTS\2010 Reports\10-0185-01.wpd