IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PAUL H. CIZEK, : No. 4:10-CV-0185
:
    Plaintiff, :
v. : (Judge Conner)
:
MARY G. DAVIS, et. al., :
: (Magistrate Judge Mannion)
    Defendants. :

**MEMORANDUM**

December 28, 2010

**BACKGROUND:**

On January 25, 2010, plaintiff Paul H. Cizek, proceeding <u>pro se</u>, commenced this civil action by filing a Writ of Quo Warranto, which we will liberally construe as a civil complaint. (Rec. Doc. No. 1). Defendants are Mary G. Davis, Thomas R. Shaffer, John B. Leete and Potter County Government Officials. In his complaint, Cizek questions the authority of the Potter County government to tax several of his properties, then subsequently seize and sell said properties and amend the deeds post-sale to include oil and gas interests to the mineral rights deed. Cizek alleges that the seizure and sale of the properties and their accompanying mineral rights was a violation of his civil rights. Attached to his

1

complaint are several exhibits related to the seizure and sale of his properties and mineral rights.

On April 14, 2010, defendants Davis and Shaffer filed a motion to dismiss. (Rec. Doc. No. 12). A supporting brief was filed April 28, 2010. (Rec. Doc. No. 14). On May 4, 2010, Cizek filed "Judicial Notice # 1," which we will construe as an opposing brief. (Rec. Doc. No. 15). No reply brief was filed.

On May 4, 2010, Cizek filed a Motion to Reconsider the court's order dated April 9, 2010 on the subject of recusal. (Rec. Doc. No. 16). Because the reasons for his motion are fully set forth in the motion, we will waive the requirements for a supporting brief and address the motion on its merits.

On June 1, 2010, defendant Leete filed a motion to dismiss. (Rec. Doc. No. 23). Prior to Leete's filing of a supporting brief, Cizek filed his opposing brief on June 8, 2010. (Rec. Doc. No. 24). Leete subsequently filed his supporting brief on June 11, 2010. (Rec. Doc. No. 25). Cizek then filed a responsive brief on June 23 ,2010. (Rec. Doc. No. 26).

On July 28, 2010, the Potter County Government Officials filed a motion to dismiss along with a supporting brief. (Rec. Doc. Nos. 29 and 30). Cizek filed his opposing brief on August 4, 2010. (Rec. Doc. No. 31). A reply brief was filed by the Potter County Government officials along with Davis and Shaffer (who by this

point in time are being represented by the same attorney as the Potter County Government Officials). Cizek filed a sur-reply brief on August 16, 2010. (Rec. Doc. No. 33).

On November 29, 2010, Magistrate Judge Mannion issued an eleven-page report and recommendation recommending that the three motions to dismiss be granted and the case dismissed. (Rec. Doc. No. 34). On December 8, 2010, Cizek filed his objections. (Rec. Doc. No. 35). Thus the matter is ripe for disposition.

Now, therefore, we will adopt the report and recommendation of the magistrate judge, and grant the defendants motions to dismiss. We will also deny Cizek's motion for reconsideration as moot.

**DISCUSSION**:

1. Motion for Reconsideration

Cizek filed his motion for reconsideration asking the court to reconsider Judge McClure's denial of Cizek's request for McClure's recusal. Due to the unfortunate and untimely death of Judge McClure, the case has been reassigned to the undersigned. Hence, the motion is moot.

2. Report & Recommendation

A district court reviews de novo those portions of a magistrate judge's report and recommendation to which a party objects. M.D. Pa. Local R. 72.3. The

court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

The magistrate judge addressed three, alternative grounds on which he based his recommendation that the motions to dismiss be granted and the case be dismissed in full. First, the magistrate judge found that pursuing the action as a Writ of Quo Warranto was improper, as the writ's purpose is to determine one's right to hold an office or position and it may not be brought by a private individual. The magistrate judge next found, in the alternative, that the plaintiff's claims are precluded by the Tax Injunction Act, 28 U.S.C. § 1341, which bars district courts from interfering in state tax law issues when there is an available remedy in the state.

The magistrate judge then detailed the remedies available to Cizek through state law. Finally, the magistrate judge found that insofar as Cizek is alleging a civil rights violation, the statue of limitations has long since passed.

Although Cizek filed "Judicial Notice #8" that we are liberally construing as objections to the report and recommendation, his arguments do not address the magistrate judge's findings that this court does not have subject matter jurisdiction over the matter, that the statute of limitations has long since passed or that the Writ of Quo Warranto cannot be brought by Cizek on this issue.

4

Thus, the court will adopt the report and recommendation of the magistrate judge in full and grant the motions to dismiss.

**CONCLUSION:**

The court will adopt the report and recommendation of the magistrate judge and the motions to dismiss. The court will also deny plaintiff's motion for reconsideration.

s/ Christopher C. Conner
Christopher C. Conner
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PAUL H. CIZEK, : No. 4:10-CV-0185
:
      Plaintiff, :
v. : (Judge Conner)
:
MARY G. DAVIS, et. al., :
: (Magistrate Judge Mannion)
      Defendants. :

## ORDER

December 28, 2010

1. The Report and Recommendation of the magistrate judge is ADOPTED. (Rec. Doc. No. 34).

2. The Motion to Dismiss of defendants Davis and Shaffer is GRANTED. (Rec. Doc. No. 12).

3. The Motion to Dismiss of defendant Leete is GRANTED. (Rec. Doc. No. 23).

4. The Motion to Dismiss of the Potter County Government Officials is GRANTED. (Rec. Doc. No. 29).

5. The Motion to Reconsider by Cizek is DENIED as moot. ( Rec. Doc. No. 16).

6. The Clerk of Court is directed to CLOSE the case file.

                                        s/ Christopher C. Conner
                                        Christopher C. Conner
                                        United States District Judge